THE STATE *EX RELATIONE* THE COLUMBIA ELECTRIC ST. RY., LIGHT AND POWER CO. v. SLOAN, MAYOR.

STREET RAILWAY—CITY OF COLUMBIA—ORDINANCE.—Under the acts of the legislature incorporating the Columbia Electric Street Railway, Light and Power Company, the city council of Columbia has the right to pass and enforce an ordinance prohibiting said company from running its cars in the streets without conductors.

Before TOWNSEND, J., Chambers, August, 1895. Reversed.

Petition by the Columbia Electric Street Railway, Light and Power Company for writ of prohibition, to prevent W. McB. Sloan, mayor of the city of Columbia, and Owen Daly, chief of police of said city, from enforcing an ordinance of

said city, prohibiting the said company from running its cars in the streets of the city without conductors. Writ granted. Respondents appeal on the following exceptions:

1. Because his Honor erred in ordering that the writ of prohibition do issue; and in holding that the city council of Columbia had no authority delegated to it by the legislature of the State of South Carolina to regulate the petitioner's domestic affairs in such manner as it has undertaken to do by the ordinance in question.

2. Because his Honor erred in not holding that the legislature of the State of South Carolina had delegated authority to the city council of the city of Columbia to pass the ordinance making it unlawful for street cars to be run in the streets of the city of Columbia without a conductor, and to impose a fine of not more than $40 for a violation thereof.

3. Because his Honor erred in not holding that the ordinance in question was a necessary and proper exercise of the police power of the city of Columbia under the charter granted to said city by the legislature of the State of South Carolina to make "all such ordinances, rules, and regulations relative to the streets and markets of said city as they may think proper and necessary, and to establish such bylaws not inconsistent with the laws of the land as may tend to preserve the quiet, peace, safety, and good order of the inhabitants thereof."

4. Because his Honor erred in not holding that the franchise granted to the petitioner to operate an electric street railway in the city of Columbia was subordinate to the right of the city, under its charter, to make reasonable rules and regulations for the operation of said electric street railway; and erred in not holding that the ordinance requiring a conductor, as well as a motorman, was a reasonable regulation.

5. Because his Honor erred in not holding that the petitioner could, under its charter, construct or acquire an electric street railway through and upon the streets of the city of Columbia *only* with the consent of city council; and

erred in not holding that the city council of Columbia, in giving its consent, had the right to attach thereto any reasonable rules and regulations for the operation of said road, and had also the right, when giving its consent, to reserve the power after the building of the said road to make such further rules and regulations for the operation thereof as in their judgment the public safety and welfare might demand; and erred in not holding that the ordinance making it unlawful for electric cars to be run without conductors in the streets of the city of Columbia was a regulation authorized to be made under the reservations which were attached to the city's consent for the occupation of its streets for the purposes of said electric road.

6. Because if his Honor's order was intended, or can be construed, as authorizing the writ of prohibition to restrain the enforcement of any part of the ordinance other than so much thereof as makes it unlawful for electric cars to be run in the streets of the city of Columbia without conductors, then he further erred therein upon the grounds above mentioned, and also upon the further ground that the validity of the remainder of said ordinance was not at issue before him, and no question was made or raised at the hearing in regard thereto.

*Mr. Jno. P. Thomas, Jr.*, for appellants, cites: 53 N. Y., 132; Booth on St. Ry., 223–225; 11 Rich., 553; 4 Strob., 306; 10 Rich., 502; 29 S. C., 438; 32 A. & E. Corp. Cases, 422; Dillon on Mun. Corp, § 89, 106; 23 S. C., 523; 16 S. C., 493; 38 S. C., 2; 33 S. C., 59; 11 Rich., 290, 551; 2 McM., 233; 93 Ky., 43; 54 N. W. R., 555, 958; 37 Hun., 413; 36 A. & E. R. R. Cases, 44; 11 S. C., 290; 96 U. S., 521; 67 Ill., 67; 18 S. W. R., 305; 12 Vroom, 71; 58 Pa. St., 122; 135 N. Y., 407; 53 N. J. L., 132; 97 U. S., 25; 23 Ency., 96; 37 Mich., 562; 110 N. Y., 548; 95 Mich., 456; 118 Ill., 118.

*Messrs. John T. Sloan, Jr.*, and *W. H. Lyles*, contra, cite: 1 S. C., 261, 14 S. C., 627; 17 S. C., 80; 35 S. C., 1; Booth on St. Ry., 29, 225; 15 Ont. App., 30; 20 Ab. 1 Rep., 1076;

18 S. W. R., 1026; 37 Hun., 413; 32 Barb., 358; 4 Abb. Pr., 364; 2 Daly, 406; 12 Mass., 537; 67 N. Y., 371; 49 *Id.*, 327; 36 U. S., 527; 58 Penn. St., 119; Dillon on Mun. Corp., 390, 407; 12 Vroom, 127; 44 S. C.; N. Y., 413; 20 Ot. Rep., 1076; 18 S. W. R., 1026; 415 Ohio St., 118; 51 Ill., 286.

Nov. 25, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. The petitioner herein made application to his Honor, Judge D. A. Townsend, for a writ of prohibition to restrain and prohibit the mayor and chief of police aforesaid from enforcing an ordinance of said city, making it unlawful for the said company to operate its electric street cars upon the streets of Columbia unless the same was in the charge of a conductor. The said ordinance provides that a violation thereof shall be punishable by a fine not exceeding $40. After trial for a violation of said ordinance, the petitioner company was sentenced to pay a fine of $10, hence the application for the writ of prohibition. The petitoner alleged as grounds for the writ that the ordinance aforesaid was *ultra vires*, null and void, and that the mayor did not have jurisdiction in the premises.

The application was heard and decided by his Honor, Judge Townsend, upon the petition answer of the mayor and chief of police, and exhibits set out in the "Case." His Honor, Judge Townsend, granted an order allowing the writ to be issued, from which order the mayor and chief of police have appealed to this Court, upon exceptions which will be se set out in the report of the case.

There seems to be no dispute as to the facts, and the question is, therefore, one of law, to wit: whether the ordinance was *ultra vires*, and the mayor without jurisdiction to impose the fine. It is alleged in the answer, "that in the judgment of the city council of the city of Columbia, the passage of the said ordinance was necessary for the safety and protection of the inhabitants of the city of Columbia; that the operation of electric cars, in charge of motormen,

without conductors, in the streets of the city of Columbia, is dangerous to the lives of its citizens, and that the ordinance in question is a necessary and proper exercise of the police power of the city of Columbia, and its enforcement is necessary for the safety of the inhabitants of the city, and for the proper regulation of traffic upon the streets of said city." It is contended that the legislature conferred upon the city of Columbia power to make said ordinance by the act of 1871 (14 Stat., 569), section 10 of which provides * * * "And the said mayor and aldermen shall have, and they are hereby, vested with full and ample power, from time to time, under their common seal, to make all such ordinances, rules, and regulations relative to the streets and markets of said city, as they may think proper and necessary, and to establish such by-laws, not inconsistent with the laws of the land, as may tend to preserve the quiet, peace, safety, and good order of the inhabitants thereof; and the said mayor and aldermen, or the said mayor alone, may fine and impose fines and penalties for violations thereof, which may be recovered in a summary manner, to the extent of $40, before them in council, or before him alone, subject to the right of appeal as hereinbefore provided * * *" *The Columbia Street Railway Company* was, prior to the 29th of June, 1886, organized under the provisions of an act of the legislature incorporating it, approved 9th February, 1882; sections 5 and 6 of this act are as follows: Sec. 5. "That the said company shall have power to construct single or double railway tracks, of such gauge as they may elect, through any street or streets of the city of Columbia, as it may deem advisable for the accommodation of the public, or the interest of the company, and to extend the same five miles beyond the corporate limits of the city: *Provided*, That the said company shall so construct its railways that they shall not obstruct the streets through which they pass, and that the company shall be required, after laying said railways, to replace the portion of the streets over which they pass in good condition, and thereafter keep

their railway in like good order; in consideration of which the said company shall have such exclusive right of way over said railway as may be necessary for the proper conduct of its business." Sec. 6. "That said company shall have power to transport passengers and freight in suitable and sufficient carriages and cars, at such rates as may be fixed in the by-laws of the same." On the 8th of June, 1886, the Columbia Street Railway Company petitioned the city council of Columbia for leave to lay its track, &c., in certain streets of said city. On the 29th of June, 1886, an ordinance was passed, entitled: "An ordinance to authorize the Columbia Street Railway Company to lay their tracks along certain streets herein mentioned, to regulate the manner of the same, and to regulate the manner of operating said railway." Section 12 of this ordinance is as follows: "The corporate authorities reserve the right to amend or alter this ordinance whenever circumstances may require it, and the granting of the privilege to this company to construct its tracks through any street is not exclusive, and the said city authorities may grant the same right to other companies through the same streets or thoroughfares, if they deem it advisable." By an act of the legislature, approved 24th December, 1890, the *Columbia Electric Street and Suburban Railway and Electric Power Company* was incorporated. Section 5 of this act is as follows: "That the said company shall have power to construct or acquire single or double railway tracks, of such gauge as they may elect, with consent of city council, and to extend the same five miles into the country, in any direction or directions they may wish, from the state capitol. And the said company is authorized and empowered to contract for and provide electric motor power for any other purpose or purposes." Section 6 of said act is as follows: "That the said company shall have power to operate their cars in the transportation of passengers and freight, over the tracks they may construct or acquire in said city, with electric power in suitable carriages and at such rates as may be fixed upon in the

by-laws of the same." The petitioner company was incorporated by an act of the legislature, approved 16th December, 1891, and by authority of that act acquired the rights and franchises of the two companies hereinbefore mentioned, subject to the liabilities and duties of said companies. On the 13th of September, 1892, the Columbia Electrict Street Railway, Light and Power Company petitioned the city council for leave to operate its cars by electricity. In pursuance of said petition, the city council, on the 11th of October, 1892, passed an ordinance, entitled "An ordinance to confer upon the Columbia Electric Street Railway, Light and Power Company the powers and privileges conferred upon the Columbia Street Railway Company, by an ordinance ratified on the 29th day of June, 1886, and to enlarge the same." Section 3 of the last mentioned ordinance is as follows: "And be it further ordained, that the city council of Columbia, S. C., shall have the power, and hereby reserves the right, to regulate, by ordinance, the manner of operating such electric railway, and to alter and amend the ordinances relating thereto, by such further enactments as in their judgment the public welfare may demand."

The exceptions will not be considered *seriatim*, as they raise substantially the single question, whether the city council had the power and authority to make the ordinance in question. It is not necessary to cite authorities to sustain the general proposition that street railways are subject to reasonable regulations by the authorities of the municipality, where they are located, under its police powers. In this case the question whether the ordinance is reasonable is not before the Court for consideration.

We will proceed to consider whether the city council had the *power* to make the regulation aforesaid that street cars should not be run unless in charge of a conductor. Not only is there an absence of legislative intent to prevent the authorities of the city of Columbia from exercising its powers of police in regard to the street railways, but the

trend of the various legislative enactments relative thereto, and hereinbefore mentioned, is to make the running of the street cars subject to rules and regulations prescribed by the city council. This police power of the city seems to have been recognized by the petitioner, when it filed its petition with the city council, asking permission to be allowed to make such changes in its line as were necessary to enable it to operate its cars by electricity, and with said petition presented the draft of an ordinance to accomplish that result, section 3 of which ordinance is hereinbefore set out. The authorities are not in harmony touching the abstract question whether municipal authorities have the right to make a regulation that the street cars shall not be operated unless in charge of a conductor. Whatever doubts may exist as to this abstract question, we are nevertheless of the opinion that the facts connected with the case show that the city council had the *power* to pass the ordinance in question, and that his Honor, the Circuit Judge, was in error in deciding to the contrary.

It is the judgment of this Court, that the order of the Circuit Court be reversed and the petition dismissed.